# EXHIBIT A
## Complaint

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| DAVID WILNER, an individual | No. |
| Plaintiff, | COMPLAINT |
| v. | |
| OKTA, INC., a Delaware corporation,<br>TODD MCKINNON, an individual, | |
| Defendants. | |

Plaintiff David Wilner, by and through his attorneys of record, alleges as follows against Defendants Okta, Inc. and Todd McKinnon:

## I. PARTIES

1.      Plaintiff David Wilner is an individual residing in Sammamish, Washington.

2.      Defendant Okta, Inc. ("Okta") is a Delaware corporation with its principal place of business in San Francisco, California. Okta provides cloud software that helps companies manage and security user authentication into applications, and for developers to build identity controls into applications, website web services, and devices.

3.      Defendant Todd McKinnon is an individual that, upon information and belief, resides in San Francisco, California. McKinnon is the Chief Executive Officer of Okta.

COMPLAINT – Page 1

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

## II. JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction pursuant to RCW 2.08.010.

5.     Venue in this Court is proper pursuant to RCW 4.12.025 because Defendant does business in King County and these claims arise from a contract to be performed in King County.

## III. FACTS

6.     In 2015, Wilner joined Auth0, Inc. ("Auth0"), a company based in Bellevue, Washington, as its Chief Revenue Officer. Auth0 provides an identity management platform for application builders and developers.

7.     On or about March 2021, Okta entered into a definitive agreement to acquire Auth0.

8.     On or about March 2, 2021, Wilner signed an employment agreement with Okta ("Agreement"), by which he would continue as the Chief Revenue Officer of Auth0 following its acquisition by Okta, when Auth0 would become a business unit of Okta.

9.     The Agreement provided that Wilner would receive certain payments as severance if, during the 18 month period immediately following the acquisition, (1) Okta or its subsidiaries terminated his employment other than for "Cause," as defined in the Agreement or (2) Wilner terminated his employment for "Good Reason."

10.     Section 8 of the Agreement provides that "Good Reason" exists if (among other things) Wilner experienced a "material diminution in [his] authority, duties, or responsibilities, any material change in [his] title or positions, or any material change in [his] reporting structure of obligations inconsistent with [his] position as Chief Revenue Officer, Auth0."

11.     Okta's acquisition of Auth0 closed in May 2021.

12.     Soon after the acquisition closed, Okta, motivated by concerns about the parent company's declining bookings growth, announced that majority of the Auth0

COMPLAINT – Page 2

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1    business would be combined with Okta rather than remaining as a separate business unit

2    as intended at the time Okta initially agreed to acquire Auth0. It became clear to Wilner

3    that, as a result, Okta and Auth0 planned to materially diminish his duties as Chief

4    Revenue Officer of Auth0 in the near future. For example, Wilner learned that Okta and

5    Auth0 had determined that the Auth0 sales team would no longer be reporting to him,

6    which represented a material diminution of his authority, duties, and responsibilities, as

7    well as a "material change" in his reporting structure.

8         13.    As it was clear Okta and Auth0 ultimately planned to materially diminish

9    his responsibilities, Wilner reached out to Okta and Auth0 personnel to discuss his

10   possible exit. Okta and Auth0 personnel recognized that Wilner's role was being

11   diminished, but stated that it would be best if Wilner stayed on for a time to assist with the

12   transition. Wilner agreed to do so.

13        14.    In October 2021, Wilner reached out to Okta to again discuss his exit and

14   severance payments.

15        15.    In October 2021, in breach of its promises under the Agreement, Okta

16   informed Wilner that it took the position Wilner had terminated his employment without

17   Good Reason and that no severance payments were due and owing under the Agreement.

18        16.    Wilner informed Okta that if Okta took the position that "Good Reason"

19   did not exist for his departure did not exist (which was inconsistent with Okta's prior

20   acknowledgment and agreement), Wilner wished to remain an employee of Okta.

21        17.    Okta refused to let Wilner remain an employee of Okta, thereby

22   terminating his employment without Cause (as defined in the Agreement).

23        18.    Wilner's last day as an employee of Okta was November 4, 2021.

24        19.    The severance payments provided for in the Agreement are wages that are

25   due and owing, and Okta has nevertheless willfully refused to pay.

26

COMPLAINT – Page 3

LAW OFFICES OF
McNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

## IV.  FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

### (Against Corporate Defendant)

20.  Wilner incorporates by reference paragraphs 1 through 19.

21.  The Agreement is a binding contract between Okta and Wilner.

22.  Okta breached the Agreement by failing to pay Wilner severance payments due and owing under the Agreement.

23.  As a result of Okta's breach, Wilner is entitled to damages in an amount to be proven at trial.

## V.  SECOND CAUSE OF ACTION
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

### (Against Corporate Defendant)

24.  Wilner incorporates by reference paragraphs 1 through 23.

25.  The covenant of good faith and fair dealing attaches to the Agreement.

26.  Okta violated its covenant of good faith and fair dealing under the Agreement.

27.  Okta's actions have deprived Wilner of the benefits to which he was entitled under the Agreement.

28.  As a result of Okta's breach of the implied covenant of good faith and fair dealing, Wilner has suffered damages in an amount to be proven at trial.

## VI. THIRD CAUSE OF ACTION
## WRONGFUL WITHHOLDING OF WAGES

### (Against Corporate Defendant and Defendant McKinnon)

29.  Wilner incorporates by reference paragraphs 1 through 28.

30.  RCW 49.48.010 makes it unlawful for any employer to withhold or divert any portion of a Washington State employee's wages after the employee ceases to work for an employer.

COMPLAINT – Page 4

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

31.     By and through the actions and omissions described herein, Defendants unlawfully withheld and diverted wages from Wilner in violation of RCW 49.48.010.

32.     Pursuant to RCW 49.52.050 and .070, it is unlawful for "any employer and any officer, vice principal, or agent of any employer" to "willfully and with intent to deprive the employee of any part of his or her wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract."

33.     By and through the omissions described herein, Defendants Okta and McKinnon (as Okta's Chief Executive Officer), willfully and with intent to deprive Wilner of wages, have withheld certain wages due and owing pursuant to statute and contract in violation of RCW 49.52.050.

34.     As a result of Defendants' actions, Wilner sustained damages in an amount to be proven at trial, with such amount to be recovered from either the corporate or individual defendants pursuant to RCW 49.48.010 and RCW 49.52.070.

## VII.  PRAYER FOR RELIEF

Plaintiff requests the following relief:

A.     For damages in an amount to be proven at trial.

B.     For an aware of liquidated or exemplary damages to the fullest extent allowed by law, including, but not limited to, RCW 49.52.070.

C.     For an award of pre-judgment and post-judgment interest as allowed by law.

D.     For an award of attorney fees and costs to the extent allowed by RCW 49.48.030, RCW 49.52.070, or any other applicable law; equity; or the parties' contracts.

E.     For such other relief as the Court deems just and warranted.

COMPLAINT – Page 5

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1

DATED this 21st day of January, 2022.

2

McNAUL EBEL NAWROT & HELGREN PLLC

3

4

By: _s/ Claire Martirosian_
    Daniel M. Weiskopf, WSBA No. 44941

5

    Claire Martirosian, WSBA No. 49528

6

    600 University Street, Suite 2700

7

    Seattle, Washington 98101
    Tel:    (206) 467-1816

8

    Fax:    (206) 624-5128
    Email:   dweiskoph@mcnaul.com

9

           cmartirosian@mcnaul.com

10

    *Attorneys for Plaintiff*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT – Page 6