HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID WILNER, an individual,

                Plaintiff,

v.

OKTA, INC., a Delaware corporation;
TODD MCKINNON, an individual,

                Defendants.

No. 2:22-cv-00169-BJR

**DEFENDANTS' ANSWER AND DEFENSES TO COMPLAINT**

## I.    ANSWER

Defendant Okta, Inc. ("Okta") and Defendant Todd McKinnon ("McKinnon") (collectively, "Defendants"), by and through their undersigned counsel, submit the following answer and defenses (the "Answer") to the Complaint filed by Plaintiff David Wilner ("Plaintiff" or "Wilner").

### PARTIES

1. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the Complaint and, on that basis, deny them.

2. Defendants admit the allegations contained in Paragraph 2 of the Complaint.

DEFENDANTS' ANSWER AND DEFENSES TO
COMPLAINT - 1
CAUSE NO. 2:22-cv-00169-BJR

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

3. Defendants admit the allegations contained in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Defendants admit that this Court, among others, has subject matter jurisdiction over the instant action. The remaining allegations contained in Paragraph 4 of the Complaint constitute or call for a legal conclusion to which no answer is required.

5. Defendants admit that venue is proper in this Court, among others. The remaining allegations contained in Paragraph 5 of the Complaint constitute or call for a legal conclusion to which no answer is required.

## FACTS

6. Defendants admit that Plaintiff was employed by Auth0, Inc. ("Auth0") as its Chief Revenue Officer, prior to Defendant Okta's acquisition of Auth0 in 2021. Defendants further admit that Auth0 maintains its headquarters at an address located in Bellevue, Washington, and that Auth0 builds and operates, among other goods and services, a cloud-based identity platform as alleged. Defendants lack sufficient information to admit or deny the remaining allegations contained in Paragraph 6 of the Complaint and, on that basis, deny them.

7. Defendants admit that Okta signed a definitive agreement to acquire Auth0 on or about March 3, 2021.

8. Defendants admit that Plaintiff signed an offer letter with Okta on or about March 2, 2021, the content of which speaks for itself. Defendants deny the remaining allegations and characterization contained in Paragraph 8 of the Complaint.

9. Defendants admit that Plaintiff signed an offer letter with Okta on or about March 2, 2021, the content of which speaks for itself. To the extent that the remaining allegations contained in Paragraph 9 of the Complaint constitute or call for a legal conclusion, no further answer is required.

10. Defendants admit that Plaintiff signed an offer letter with Okta on or about March 2, 2021, the content of which speaks for itself. To the extent that the remaining allegations

DEFENDANTS' ANSWER AND DEFENSES TO COMPLAINT - 2
CAUSE NO. 2:22-cv-00169-BJR

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

contained in Paragraph 10 of the Complaint constitute or call for a legal conclusion, no further answer is required.

11. Defendants admit that, on or about May 3, 2021, Okta completed its acquisition of Auth0.

12. Defendants are without sufficient information or knowledge to admit or deny the allegations and characterizations contained in Paragraph 12 of the Complaint regarding Plaintiff's perceptions and/or knowledge and, on that basis, deny them. Paragraph 12 also contains legal conclusions and characterizations to which no answer is required. Defendants deny any remaining factual allegations in Paragraph 12.

13. Defendants admit that Plaintiff reached out to certain Okta personnel regarding his decision to resign. Defendants deny the remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendants admit that Plaintiff reached out to certain Okta personnel in October 2021 regarding his decision to resign. Defendants deny the remaining allegations contained in Paragraph 14 of the Complaint.

15. Defendants admit that certain Okta personnel informed Plaintiff, in October 2021, that the "Good Reason" provision included in Plaintiff's offer letter was inapplicable to his resignation and that he was not eligible for severance or equity acceleration. Paragraph 15 of the Complaint also contains legal conclusions and characterizations to which no response is required. Defendants deny any remaining factual allegations in Paragraph 15.

16. Defendants admit that on or about October 13, 2021, Plaintiff communicated to certain Okta personnel a request to revoke his resignation. Defendants deny the remaining allegations contained in Paragraph 16 of the Complaint.

17. Defendants admit that Defendant Okta accepted Plaintiff's resignation. Paragraph 17 of the Complaint also contains legal conclusions and characterizations to which no response is required. Defendants deny any remaining factual allegations in Paragraph 17.

DEFENDANTS' ANSWER AND DEFENSES TO
COMPLAINT - 3
CAUSE NO. 2:22-cv-00169-BJR

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. The allegations contained in Paragraph 19 of the Complaint constitute or call for legal conclusions to which no response is required. To the extent that the allegations contained in Paragraph 19 constitute factual allegations requiring a response, Defendants deny them.

FIRST CAUSE OF ACTION
BREACH OF CONTRACT
(Against Corporate Defendant)

20. Defendants repeat and re-allege each and every allegation and/or response set forth in the foregoing paragraphs as if fully set forth herein.

21. The allegations contained in Paragraph 21 of the Complaint constitute or call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 21.

22. The allegations contained in Paragraph 22 of the Complaint constitute or call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 22.

23. The allegations contained in Paragraph 23 of the Complaint constitute or call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 23.

SECOND CAUSE OF ACTION
BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
(Against Corporate Defendant)

24. Defendants repeat and re-allege each and every allegation and/or response set forth in the foregoing paragraphs as if fully set forth herein.

25. The allegation contained in Paragraph 25 of the Complaint constitutes or calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegation in Paragraph 25.

26. The allegations contained in Paragraph 26 of the Complaint constitute or call for a legal conclusion to which no response is required. To the extent a response is required, Defendants

DEFENDANTS' ANSWER AND DEFENSES TO
COMPLAINT - 4
CAUSE NO. 2:22-cv-00169-BJR

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

deny the allegations in Paragraph 26.

27. The allegations contained in Paragraph 27 of the Complaint constitute or call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 27.

28. The allegations contained in Paragraph 28 of the Complaint constitute or call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 28.

## THIRD CAUSE OF ACTION
## WRONGFUL WITHHOLDING OF WAGES
(Against Corporate Defendant and Defendant McKinnon)

29. Defendants repeat and re-allege each and every allegation and/or response set forth in the foregoing paragraphs as if fully set forth herein.

30. The allegations contained in Paragraph 30 of the Complaint constitute or call for legal conclusions to which no response is required. To the extent a response is required, the content of RCW 49.48.010 speaks for itself.

31. The allegations contained in Paragraph 31 of the Complaint constitute or call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 31.

32. The allegations contained in Paragraph 32 of the Complaint constitute or call for legal conclusions to which no response is required. To the extent a response is required, the content of RCW 49.52 speaks for itself.

33. The allegations contained in Paragraph 33 of the Complaint constitute or call for legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 33.

34. The allegations contained in Paragraph 34 of the Complaint constitute or call for legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 34.

DEFENDANTS' ANSWER AND DEFENSES TO COMPLAINT - 5
CAUSE NO. 2:22-cv-00169-BJR

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

PRAYER FOR RELIEF

Paragraphs A through E of this section of the Complaint set forth unnumbered requests for remedies that do not require a response. Defendants deny, however, that Plaintiff is entitled to the relief requested in the Complaint or to any remedies or relief whatsoever.

Defendants otherwise deny all allegations contained in the Complaint that are not specifically admitted herein.

## II.   AFFIRMATIVE AND ADDITIONAL DEFENSES

By way of further answer and defense, and without assuming, altering or waiving any burden of proof, evidentiary obligation or burden of persuasion that applies to Plaintiff, Defendants state:

1. This Court lacks personal jurisdiction over Defendant Todd McKinnon.

2. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

3. Plaintiff failed to provide Defendants with notice of and/or an opportunity to cure the alleged contractual breaches and/or other unlawful behavior alleged in the Complaint, as required by the contract that forms the basis for Plaintiff's claims.

4. Plaintiff's Complaint fails, in whole or in part, because Plaintiff was and is in material breach of the alleged contract(s) that form that basis of Plaintiff's claims.

5. Plaintiff's claims are barred by the doctrine of payment in that Plaintiff was paid in full and in compliance with law.

6. Plaintiff's Complaint fails, in whole or in part, because there was and is a bona fide dispute regarding Defendants' obligation to make any payment sought by Plaintiff in the Complaint.

7. Any withholding of wages alleged by Plaintiff in the Complaint, even if shown to exist, was not willful.

8. Defendants acted in good faith and in reasonable reliance on relevant guidance.

DEFENDANTS' ANSWER AND DEFENSES TO COMPLAINT - 6
CAUSE NO. 2:22-cv-00169-BJR

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

9. Plaintiff resigned his employment with Defendants without "good reason," as required by the contract that forms the basis for Plaintiff's claims.

10. Defendants' actions, as alleged in the Complaint, were and are lawful, and permitted by one or more contracts entered into by Plaintiff and Defendants.

11. The claims in the Complaint may be barred, in whole or in part, by the doctrines of waiver, estoppel, laches, justification and/or unclean hands.

12. The claims in the Complaint may be barred, in whole or in part, due to Plaintiff's repudiation and/or anticipatory breach of the contract that forms the basis of his claims against Defendants.

13. Plaintiff's damages, if any, may have been caused in whole or in part by Plaintiff's own conduct or fault.

14. Defendants reserve the right to assert other defenses, affirmative defenses, and/or counter-claims, which may become appropriate after discovery.

**REMEDY REQUESTED**

WHEREFORE, having fully answered all allegations contained in the Complaint, Defendants request that:

1. Plaintiff take nothing by way of its Complaint, and that the Court deny any remedy requested by Plaintiff therein;

2. The Court dismiss the Complaint with prejudice;

3. The Court find that Defendants acted lawfully; and

// //

// //

// //

DEFENDANTS' ANSWER AND DEFENSES TO COMPLAINT - 7
CAUSE NO. 2:22-cv-00169-BJR

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

4. The Court award Defendants their attorneys' fees and costs.

DATED this 22nd day of February 2022.

K&L GATES LLP

By: */s/ Mark S. Filipini*
Mark S. Filipini, WSBA #32501
Michael W. Meredith, WSBA #45264
Ruby A. Nagamine, WSBA #55620
Email:   mark.filipini@klgates.com
michael.meredith@klgates.com
ruby.nagamine@klgates.com

*Attorneys for Defendants*

DEFENDANTS' ANSWER AND DEFENSES TO
COMPLAINT - 8
CAUSE NO. 2:22-cv-00169-BJR

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of February 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Daniel M. Weiskopf
Claire Martirosian
McNaul Ebel Nawrot & Helgren PLLC,
600 University Street, Suite 2700,
Seattle, Washington 98101
dweiskopf@mcnaul.com
cmartirosian@mcnaul.com

And I hereby certify that I have mailed by United States Postal Service and/or emailed and/or messengered the document to the following:

Daniel M. Weiskopf
Claire Martirosian
McNaul Ebel Nawrot & Helgren PLLC,
600 University Street, Suite 2700,
Seattle, Washington 98101
dweiskopf@mcnaul.com
cmartirosian@mcnaul.com

☒ Via Email
☐ Via First Class Mail
☐ Via Hand Delivery

SIGNED at Suquamish, Washington this 22nd day of February 2022.

*/s/ Sabrina Mitchell*
Sabrina Mitchell
Sr. Practice Assistant

DEFENDANTS' ANSWER AND DEFENSES TO
COMPLAINT - 9
CAUSE NO. 2:22-cv-00169-BJR

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022