THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID WILNER, an individual,<br><br>   Plaintiff,<br><br>   v.<br><br>OKTA, INC., a Delaware corporation; and TODD MCKINNON, an individual,<br><br>   Defendants. | CASE NO. 2:22-cv-169-BJR<br><br>ORDER GRANTING MOTION FOR JOINDER AND REMAND |

## I.   INTRODUCTION

Plaintiff David Wilner filed this wage and employment action against Defendants Okta, Inc. ("Okta") and Todd McKinnon, Okta's Chief Executive Officer, (collectively, "Defendants") in King County Superior Court on February 9, 2022. Dkt. No. 1, Ex. 3. Defendants removed the lawsuit to this Court on February 14, 2022, based on the parties' diversity of citizenship: Plaintiff is a citizen of Washington and Defendants are citizens of California. Dkt. No. 1, Ex. 4. Currently before the Court is Plaintiff's motion to join Auth0, Inc. ("Auth0") as an additional defendant to this lawsuit, and because Auth0 is also a Washington citizen, to remand the matter to state court. Dkt. No. 19. Defendants oppose the motion. Dkt. No. 24. Having reviewed the motion and opposition thereto, the record of

the case, and the relevant legal authority, the Court will grant the motion. The reasoning for the Court's decision follows.

## II. FACTUAL BACKGROUND

In 2015, Plaintiff joined Auth0, a company based in Bellevue, Washington, as its Chief Revenue Officer. Dkt. No. 1, Ex. 3 at ¶ 6. In March 2021, Okta entered into an agreement to acquire Auth0. *Id*. ¶ 7. Also in March 2021, Plaintiff signed an employment agreement with Okta ("the Letter Agreement"), whereby it was agreed that Plaintiff would continue as Auth0's Chief Revenue Officer following its acquisition by Okta. *Id*. ¶ 8. The Agreement provided that Plaintiff would receive certain severance payments if, during the 18-month period immediately following the acquisition, "(1) Okta or its subsidiaries terminated [Plaintiff's] employment other than for 'Cause,' as defined in the Agreement or (2) [Plaintiff] terminated his employment for 'Good Reason.'" *Id*. ¶ 9.

Plaintiff alleges that his employment was terminated without "Cause" in November 2021 and, as such, he is entitled to the severance payments provided for in the Letter Agreement but, to date, he has not received them. *Id*. ¶ 19. The Complaint, as it currently stands, alleges three causes of action: (1) breach of the Letter Agreement against both Defendants; (2) breach of an implied covenant and fair dealing against Okta; and (3) wrongful withholding of wages pursuant to RCW 49.48.010 and 49.52.070 against both Defendants. *Id*. ¶¶ 22, 26, and 34.

However, with the instant motion, Plaintiff seeks to join Auth0 as a defendant and amend the Complaint to allege that Auth0 remained an independent entity from Okta and Plaintiff's actual employer after Okta acquired Auth0. Plaintiff seeks to assert contract-based claims against Okta (as the Letter Agreement signatory) and both contract and wage

withholding claims against Auth0 (as a third-party beneficiary of the Letter Agreement and based on Washington statutory wage claims). *See* Dkt. No. 33 at 9. He alleges that Auth0, as his "direct employer," must be joined to this action "to allow for full adjudication on the merits without parallel lawsuits or inconsistent results." Dkt. No. 19 at 5. Defendants counter that Auth0 is not a necessary party to this action and that Plaintiff only seeks to join Auth0 as a defendant because Auth0 is a Washington citizen, which would eliminate diversity of citizenship in this case, thus requiring remand to state court.

### III.   DISCUSSION

#### A.   Legal Standard

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Section 1447(e) is permissive and "gives the district court the discretion to deny [or permit] joinder." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998) (noting that whether to permit or deny joinder of a non-diverse defendant after removal is within the sound discretion of the district court). Courts consider six factors in determining whether to allow joinder of a non-diverse defendant under Section 1447(e): (1) whether the party sought to be joined is needed for just adjudication and would be joined under Fed. R. Civ. P. 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant in state court; (3) whether there has been an unexplained delay in seeking to join the new defendant; (4) whether plaintiff seeks to join the new party solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff. *Sardinas v. United Airlines, Inc.*,

2019 WL 4594600, at *3 (W.D. Wash. Sept. 23, 2019) (citing *Parris v. Jacobs Eng'g Grp., Inc.*, 2019 WL 3219422, at *2 (W.D. Wash. July 17, 2019)). "[W]hen a defendant alleges that a plaintiff seeks to join another defendant solely to destroy diversity jurisdiction, the Court may look at evidence outside of the pleadings." *Parris*, 2019 WL 3219422, at *2 (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)).

### B. Analysis

As stated above, this case was removed to federal court based on diversity jurisdiction. Dkt. No. 1, Ex. 4. It is undisputed that Plaintiff and Auth0 are both citizens of Washington; therefore, joining Auth0 as a defendant would destroy diversity among the parties and divest this Court of subject matter jurisdiction. *See* 28 U.S.C. § 1332. Thus, the Court will apply the foregoing six factors to determine whether joinder of Auth0 is appropriate under the circumstances.

#### 1. Necessary for Just Adjudication

The first factor considers whether the party sought to be joined is needed for just adjudication and would be joined under Fed. R. Civ. P. 19(a). Rule 19(a) requires joinder if "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a). However, "[a]lthough courts consider whether a party would meet [Rule] 19's standard for a necessary party, amendment under § 1447(e) is a less restrictive standard than for joinder under [Rule] 19." *Soptich v. Stryker Corp.*, 2019 WL 6769368, at *2 (W.D. Wash. Dec. 12, 2019) (quoting *IBC Aviation Servs., Inc. v. Caompania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011-12 (N.D. Cal. 2000)). Thus, courts generally have held that the first factor "favors joinder and remand 'when failure to join will lead to separate and redundant actions,' but not when 'defendants are

only tangentially related to the cause of action or would not prevent complete relief.'" *Chan v. Bucephalus Alternative Energy Group, LLC*, 2009 WL 1108744, *3 (N.D. Cal. April 24, 2009) (quoting *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1022 (C.D. Cal. 2002)).

Plaintiff contends that Auth0 is a critical party to this litigation because Auth0 remained his direct employer after the acquisition and, as such, Auth0 controlled his day-to-day activities, he reported directly to Auth0's CEO, and Auth0 paid his compensation. Therefore, Plaintiff argues, any litigation concerning the rights and liabilities arising from his employment "would be incomplete absent Auth0's joinder." Dkt. No. 19 at 9. Defendants counter that Auth0 is not a necessary party to this lawsuit because the Complaint only seeks relief under the Letter Agreement to which Okta, not Auth0, is the signatory.

The Court finds that this first factor weighs in favor of joinder. The parties argue whether Okta or Auth0 was Plaintiff's direct employer after the acquisition and having reviewed the exhibits the parties provided regarding the same, the Court finds that there is a dispute of fact on this issue. Indeed, the Letter Agreement that is central to this lawsuit is ambiguous on this issue. *See* Dkt. No. 20-1, Ex. J ("we are pleased to offer you the opportunity to continue with Auth0 as part of the Company Group following the Closing Date….You will continue with the same employer following the Closing Date but will become part of the Company Group…Your title will be Chief Revenue Officer, Auth0, and you will report to Eugenio Pace, Chief Executive Officer, Auth0…We hope that you will accept our offer to continue with Auth0 as a member of the Company Group following the Closing Date."). And while Defendants claim that "Auth0 is merely a business unit of

Okta", Plaintiff points out that "[u]ntil his last day, [he] received his paychecks from Auth0" and his 2021 W-2 was issued by Auth0. Dkt. No. 24 at 1; Dkt. No. 19 at 5.

Given the ambiguity regarding Auth0's continued involvement in Plaintiff's employment and ultimate termination, the Court concludes that Auth0 should be joined to this litigation. The facts underlying Plaintiff's termination are central to whether he is entitled to severance payments per the terms of the Letter Agreement; thus, it will be necessary to explore the extent of Auth0's role with respect to Plaintiff's termination. Moreover, Plaintiff alleges that the failure to pay him severance violates Washington's wage protection statute. If that is indeed the case, Plaintiff must bring the claim against his direct employer. Indeed, even Defendants concede that the wage withholding claim must be brought against Auth0 if the company remained Plaintiff's direct employer after the acquisition. *See* Dkt. No. 24 at 6 ("If Auth0 were, in fact, Plaintiff's employer, then his wage withholding claim against Okta in this case must be dismissed, and Plaintiff would be free to pursue that claim against Auth0 in state court."). Thus, the first factor supports amendment and remand.

### 2.  Statute of Limitations

Plaintiff does not argue that a new action against Auth0 would be time-barred. Accordingly, this factor is neutral.

### 3.  Timeliness

When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion. *Farage v. United Site Services, Inc.*, 2018 WL 3954413, *3 (W.D. Wash. Aug. 17, 2018). There are no well-developed guidelines for evaluating the timeliness of such a motion. *Lara v. Bandit*

*Industries, Inc.*, 2013 WL 1155523, *2 (E.D. Cal. March 19, 2013). Generally, courts in this Circuit find delays of over six months after removal to be untimely, *id*. (citing *Lopez v. General Motors Corp.*, 697 F.2d 1328, 1332 (9th Cir.1983)), and delays of less than six months to be reasonable, *see*, *e.g.*, *Aqua Connect, Inc. v. Code Rebel, LLC*, 2012 WL 1535769, at *2 (C.D. Cal. Apr. 27, 2012) (five-month delay between filing of a complaint and request for leave to amend is not unreasonable); *Boon*, 229 F. Supp. 2d at 1023 (motion filed ten weeks after the filing of the initial complaint is timely); *Lara*, 2013 WL 1155523, *2 (E.D. Cal. March 19, 2013) (finding that filing an amendment five months after the initial complaint and three months after removal was not untimely when the parties had not filed dispositive motions). Additionally, even in cases of considerable delays, courts do not give this factor much weight if the "case is in its early stages and the delay does not appear to be prejudicial."  *Lara*, 2013 WL 1155523, *2 (E.D. Cal. March 19, 2013) (quoting *Dollens v. Target Corp.*, 2011 WL 6033014, at *2 (N.D. Cal. Dec. 5, 2011)).

In the present case, Plaintiff filed the complaint on February 9, 2022 (Dkt. No. 1, Ex. 3), Defendants removed the matter on February 14, 2022 (Dkt. No. 1), and Plaintiff filed the instant motion approximately ten weeks later on April 21, 2022 (Dkt. No. 19). Plaintiff's delay in adding Auth0 as a defendant is not unreasonable given the precedent within this Circuit noted above. Thus, this factor supports allowing the amendment and remanding the action to state court.

        **4.**      **The Motive Behind Joinder**

A court "should look with particular care" at the plaintiff's intent in removal cases when a defendant's joinder will destroy complete diversity "and will require a remand to

7

the state court." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980). However, "[s]uspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants." *Farage*, 2018 WL 3954413, *3 (W.D. Wash. Aug. 17, 2018) (quoting *IBC Aviation*, 125 F. Supp. 2d. at 1012). The Court declines to impute an improper motive to Plaintiff simply because he seeks to add a nondiverse defendant post-removal. Plaintiff has articulated important reasons for adding Auth0 to this lawsuit, making the amendment reasonable and justified. *See Falcon v. Scottsdale Ins. Co.*, 2006 WL 2434227, *4 (E.D. Wash. Aug. 21, 2006) (declining to impute improper motive to plaintiff simply because plaintiff sought to join defendant that would eliminate diversity post-removal); *see also Taylor v. Honeywell Corp*, 2010 WL 1881459, at *3 (N.D. Cal. May 10, 2010) ("Although Plaintiffs also may have a preference for state court, such a preference cannot be construed negatively any more than [Defendant's] preference for federal court."). Thus, this factor weighs in favor of amendment and remand.

### 5. Validity of claims

"The existence of a facially legitimate claim against the putative defendant weighs in favor of permitting joinder under section 1447(e)." *Taylor*, 2010 WL 1881459, at *3 (N.D. Cal. May 10, 2010). As stated above, Plaintiff seeks to assert third-party beneficiary and wage withholding claims against Auth0. The Court finds that he has asserted sufficient factual allegations, that if proven true, establish a basis for liability against Auth0. Therefore, Plaintiff has stated viable claims against Auth0, which favors permitting joinder.

### 6. Prejudice

Denying amendment risks the possibility that Plaintiff will have to litigate two related cases in two different courts. "Duplicative litigation in separate proceedings pending in state and federal court would result in a waste of judicial and the [Plaintiffs'] resources, as well as risk inconsistent results." *Taylor*, 2010 WL 1881459, at *4 (N.D. Cal. May 10, 2010). This factor weighs in Plaintiff's favor.

## IV.   CONCLUSION

In sum, five factors weigh in favor of granting Plaintiff's motion and one factor the Court considers neutral. Therefore, the Court concludes that it will exercise its discretion in favor of permitting Plaintiff to amend his complaint to add Auth0 as a defendant and remand this matter to state court. The Court HEREBY GRANTS Plaintiff's motion for joinder and to remand this action to state court (Dkt. No. 19) and ORDERS that:

(1) Pursuant to 28 U.S.C. § 1447(e), all further proceedings in this case shall be REMANDED to King County Superior Court in the State of Washington;

(2) The Clerk of this Court shall mail a certified copy of the order of remand to the Clerk of King County Superior Court;

(3) The Clerk of this Court shall also transmit the record herein to the Clerk of King County Superior Court;

(4) The parties shall file nothing further in this matter and are instructed to seek any further relief to which they believe they are entitled from King County Superior Court,

as may be appropriate in due course; and

      (5)    The Clerk shall CLOSE this case.

Dated this 5th day of October 2022.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge